CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

DEC 17 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

MICHAEL CRESS, Administrator of the )
Estate of Mary Harmon Cress, )
                                  )
        Plaintiff, )
                                  )
v. )        Civil Action No. 2:08cv00025
                                  )
PHANEL BASILE, M.D., )
                                  )
        Defendant. )

## FINAL ORDER

On December 17, 2009, came the Plaintiff, Michael Cress, Administrator of the Estate of Mary Harmon Cress (the "Personal Representative"), and the Defendant, Phanel Basile, M.D. ("Dr. Basile"), collectively "the Parties," by counsel, to be heard on the Joint Petition for Approval of Compromise Settlement [Doc. 104], by which the Parties seek court approval of a proposed settlement of the Plaintiff's wrongful death claim pursuant to Va. Code Ann. § 8.01-55.

Upon review of the pleadings and related exhibits filed in this case, the relevant Settlement, Release and Confidentiality Agreement, the Answers to the Joint Petition for Approval of Compromise Settlement, the relevant Settlement Statement, the settlement proceeds statements signed by the individual beneficiaries of the Estate of Mary Harmon Cress, and after considering the statements and representations of counsel for the parties, the Court finds as follows:

1.     This medical malpractice case arises from certain care and treatment provided by Dr. Basile to Mary Harmon Cress ("Mrs. Cress") on November 22, 2005. It is alleged that Dr. Basile failed to appropriately diagnose and treat Mrs. Cress's medical condition(s) and thereby caused her death. Dr. Basile has denied any and all allegations of negligence and has further denied that he caused or contributed to cause the death of Mrs. Cress.

2.     On February 16, 2007, Michael Eugene Cress, one of three adult children of Mrs. Cress, qualified as the Administrator of the Estate of Mary Harmon Cress, Deceased, in the Circuit Court of Lee County, Virginia.

3.     At the time of her death, Mrs. Cress left surviving her the following statutory beneficiaries pursuant to Va. Code § 8.01-53, all of whom are competent and over the age of 18: (1) Larry William Cress, son; (2) Michael Eugene Cress, son; and, (3) Gary Allen Cress, son, collectively the "Statutory Beneficiaries."

4.     The Personal Representative and the Statutory Beneficiaries, have all agreed, subject to the approval of the Court, as evidenced by their signatures to the related Settlement, Release, and Confidentiality Agreement, and to the Answers to the Joint Petition for Approval of Compromise Settlement, to a full and final settlement of this matter for the sum of Two Hundred Fifty Thousand Dollars ($250,000.00), the specific distribution of which is to be determined by the Court in accordance with Va. Code Ann. §§ 8.01-53 and 8.01-54.

5.     Dr. Basile, the Personal Representative, and the Statutory Beneficiaries, all agree that the proposed settlement is fair, reasonable, and in the best interests of the Estate of Mrs. Cress and of the Statutory Beneficiaries because of the uncertainty as to liability and the amount of damages which might be recovered, if any, were this case to proceed to trial.

6.     The provisions of Va. Code Ann. § 8.01-55 regarding convening the parties in interest has been satisfied as evidenced by the signatures of the Personal Representative and Statutory Beneficiaries to the Settlement, Release and Confidentiality Agreement, to the Answers to the Joint Petition for Approval of Compromise Settlement, and to the related settlement statements.

Abingdon: 757527-1

7.      There are no expenses for the care, treatment, and hospitalization of Mrs. Cress incident to the injury resulting in death as contemplated by Va. Code Ann. § 8.01-52 (3).

8.      There are no recoverable funeral expenses as contemplated by Va. Code Ann. § 8.01-52 (4).

9.      After payment of attorney's fees and the costs and expenses associated with this litigation, the Personal Representative and the Statutory Beneficiaries desire that the net settlement proceeds be divided equally among the Statutory Beneficiaries.

It appearing to the Court that the proposed settlement, as set out in the Joint Petition for Approval of Compromise Settlement, is in the best interests of the Estate of Mary Harmon Cress, and the statutory beneficiaries of Mary Harmon Cress, it is accordingly **ORDERED** that the Joint Petition for Approval of Compromise Settlement is **GRANTED**, and it is further **ORDERED** that the proposed settlement set forth in the Joint Petition for Approval of Compromise Settlement is **APPROVED, RATIFIED** and **CONFIRMED**.

It is further **ORDERED** that the settlement proceeds be distributed by the Personal Representative as follows:

| | | |
|---|---|---|
| 1. | To Charles L. Bledsoe, Esq. for Attorney's Fees | $112,500.00 |
| 2. | To Charles L. Bledsoe, Esq. for Costs and Expenses | $ 25,000.00 |
| 3. | To Larry William Cress | $ 37,500.00 |
| 4. | To Michael Eugene Cress | $ 37,500.00 |
| 5. | To Gary Allen Cress | $ 37,500.00 |
| | TOTAL SETTLEMENT PROCEEDS | $250,000.00 |

Abingdon: 757527-1

It is further **ORDERED** that the Settlement, Release and Confidentiality Agreement, signed by the Personal Representative and by the Statutory Beneficiaries is **APPROVED**.

It is further **ORDERED** that the Personal Representative and the Statutory Beneficiaries shall be solely responsible for any and all claims, demands or liens, known or unknown, asserted by any person or entity against the settlement proceeds.

It is further **ORDERED** that this settlement be, and hereby is, a full and complete discharge and release of all liability or claims of liability which might now or hereafter be made by or on behalf of the Estate of Mary Harmon Cress, by the Personal Representative, by the Statutory Beneficiaries, their heirs, successors or assigns, or by any other person, natural or unnatural, against Dr. Basile, Lexington Insurance Company, and all other persons and legal entities, in any way arising out of the medical care and treatment provided by Dr. Basile to Mrs. Cress, or as the result of the death of Mrs. Cress.

It appearing to the Court that the settlement proceeds have been tendered to the Personal Representative and/or his counsel, and that there is nothing further remaining to be done herein, it is **ORDERED** that this action be, and hereby is, **DISMISSED WITH PREJUDICE,** and stricken from the docket of this Court.

The Clerk shall send attested copies of this Final Order to all counsel of record.

ENTER THIS **17** DAY OF DECEMBER, 2009.

_____
James P. Jones, U.S. District Court Judge